IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STEVEN CHRISTOPHER HAYES                                                        PETITIONER

v.                                          No. 6:21-cv-06094

DEXTER PAYNE, Director,                                                          RESPONDENT
Arkansas Department of Correction

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Hayes's Petition Under 28 U.S.C.A. § 2254 for Writ of Habeas Corpus by a Person in State Custody. ECF No. 1. This Petition was filed by Steven Christopher Hayes ("Hayes"), an inmate confined in ADC, Ouachita River Unit in Malvern, Arkansas. *Id.* The Petition was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**1.    Procedural Background**:

This is Hayes's third *habeas* petition in federal court. On May 27, 2016, Hayes filed his first *habeas* petition in the United States District Court for the Eastern District of Arkansas. *See Hayes v. Kelley,* No. 5:16-cv-00162-BSM-JTK (ECF No. 1). His first petition was denied without prejudice because he failed to exhaust his state-court remedies. *See* ECF No. 46. His certificate of appealability was denied.

On May 20, 2020, Hayes filed his second *habeas* petition in the United States District Court for the Western District of Arkansas. *See Hayes v. Payne,* 6:20-cv-06059-RTD (ECF No. 1). On August 31, 2020, this Court recommended Hayes's request for relief be denied because Hayes did not present a federal question but only a question of state law. *See* ECF No. 9. This recommendation was adopted *in toto* on November 23, 2020. *See* ECF No. 10. Hayes appealed

the denial of his second *habeas* petition, and his appeal was dismissed by the Eighth Circuit on September 8, 2021. *See* ECF No. 34.

On June 1, 2021, Hayes has filed this third *habeas* petition. ECF No. 1. This Petition is currently before the Court. On August 24, 2021, Respondent Payne filed a response and argues in that response that Hayes is barred from bringing this action because it is a second or successive petition, and Hayes did not seek the Eighth Circuit's authorization prior to filing this action. ECF No. 16. Hayes has also filed a reply in this action. ECF No. 18. The Court has considered all of this briefing and finds this matter is now ripe for consideration.

2. **Discussion**:

Under the Anti-Terrorism and Death Penalty Act or "AEDPA," Hayes was required to obtain a certification by a panel of the Eighth Circuit prior to filing this Petition. *See* 28 U.S.C. § 2244(b)(3)(A) (1996). This provision provides the following: "Before a second or successive application permitted by this section is filed in the district court, the applicant *shall move* in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* (emphasis added).

In the present action, Hayes did not seek such an authorization to file the current Petition. Without such a certification, this Court has no jurisdiction over this case. *See, e.g., Boykin v. United States,* 242 F.3d 373 (8th Cir. 2000) (recognizing a district court lacks jurisdiction when the defendant does not first seek a certification from the applicable court of appeals). Thus, this Petition should be dismissed.

3. **Recommendation**:

Accordingly, based on the foregoing, it is recommended Hayes's Petition be **DISMISSED**

as a second or successive 2254 petition.[2] Further, pursuant to *28 U.S.C. §1915(a),* I recommend the finding that an appeal from dismissal would not be taken in good faith.

Finally, because Hayes has attempted to circumvent the well-established rules in filing 2254 petitions and has failed to comply with the requirement that he seek leave prior to filing a second or successive 2254 petitions, the Court reccomends Hayes should be **BARRED** from any further filings with the Court without first seeking leave prior to filing.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **21st day of September 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[2] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316 (8th Cir.1984).