IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STEVEN C. HAYES                                                                                                    PETITIONER

v.                                            Case No. 6:21-cv-6094

DEXTER PAYNE, Director of
Arkansas Division of Correction                                                                             RESPONDENT

## ORDER

Before the Court is a Report and Recommendation issued by Barry A. Bryant, United States Magistrate Judge, Western District of Arkansas.  ECF No. 19.  Petitioner has filed objections.  ECF No. 20.  The Court finds the matter ripe for consideration.

On May 27, 2016, Petitioner Steven Hayes filed his first petition for a writ of *habeas corpus* in the United States District Court for the Eastern District of Arkansas.  *See Hayes v. Kelley*, No. 5:16-cv-00162-BSM-JTK (ECF No. 1).  Petitioner's first petition was denied without prejudice for failing to exhaust his state-court remedies, and his certificate of appealability was denied.  *See id*. at ECF No. 46.  On May 20, 2020, Petitioner filed his second *habeas* petition in the United States District Court for the Western District of Arkansas.  See *Hayes v. Payne*, 6:20-cv-06059-RTD (ECF No. 1).  This Court adopted the recommendation to deny that petition because Petitioner presented a question of state law and not federal law.  *See id*. at ECF No. 10.  Petitioner appealed that denial of his second petition, but his appeal was dismissed by the Eighth Circuit on September 8, 2021.  *See id*. at ECF No. 34.

On June 1, 2021, Petitioner filed his third *habeas* petition currently before the Court.  ECF No. 1.  Petitioner proceeds *pro se* and has paid the petition fee but has not applied for *in forma pauperis* ("IFP") status.  Respondent filed a response that argued Petitioner cannot bring this petition because he failed to seek the required authorization from the Eighth Circuit prior to filing a successive *habeas* petition. ECF No. 16.  Petitioner filed a reply that argued the substantive basis of his petition but barely

addressed Respondent's argument regarding Petitioner not having the needed authorization from the Eighth Circuit. ECF No. 18.

On September 21, 2021, Judge Bryant issued his Report and Recommendation regarding Petitioner's current *habeas* petition. ECF No. 19. Judge Bryant found that Petitioner has failed to adhere to the Anti-Terrorism and Death Penalty Act's ("AEDPA") requirement that an inmate get approval from the appropriate court of appeals before filing a successive *habeas* petition. *Id*. at p. 2. Judge Bryant notes that without such approval, the Court cannot have jurisdiction over Petitioner's *habeas* petition. *Id*. Therefore, Judge Bryant concludes that the Court lacks jurisdiction over Petitioner's instant *habeas* petition and recommends that the petition be dismissed and there be a finding that an appeal of the dismissal would not be taken in good faith. *Id*. at p. 2-3. Judge Bryant also recommends that Petitioner be barred from further filings without seeking leave from the Court because of his failure to seek appropriate leave to file in this instance. *Id*. at p. 3.

Petitioner's objection does not dispute Judge Bryant's legal analysis. ECF No. 20. Instead, Petitioner admits that he misunderstood the nature of the requirement that he obtain approval before a successive *habeas* petition is filed. *Id*. at p. 1. Petitioner states that he believed approval was not necessary because the grounds for the instant petition differed from his previous petitions. *Id*. Petitioner states that he understands now that he was required to get approval and that his current petition cannot be heard. *Id*. Petitioner does contest Judge Bryant's assertion that he was attempting to circumvent the legal requirements and states that it was simply a mistake by one unfamiliar with the law. *Id*. at p. 1-2.

An individual in custody pursuant to a judgment of a State court can submit an application for a writ of *habeas corpus* to a district court on the ground that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Prior to filing a second or successive application for a writ of *habeas corpus*, an applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §

2244(b)(3)(A). A district court lacks authority to entertain a successive *habeas* petition without that petition being certified by the appropriate circuit court of appeals. *See Boykin v. U.S.*, 242 F.3d 373 (Table), 2000 WL1610732 (8th Cir. 2000). "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

The Court finds that Judge Bryant's conclusion is sound. Petitioner was required to get approval from the Eighth Circuit prior to filing his instant successive *habeas* petition. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner admits he never did so. Accordingly, this Court does not have the authority to entertain his current petition. *See Boykin v. U.S.*, 242 F.3d 373 (Table), 2000 WL1610732 (8th Cir. 2000). As Petitioner has stated that he now knows that the instant petition was procedurally improper, the Court finds that any appeal of this order by Petitioner proceeding IFP will not be in good faith. In light of Petitioner's multiple prior *habeas* petitions and his mistake of law in the instant matter, the Court finds it prudent to bar any further filings by Petitioner without him first seeking the Court's leave.

Based on its *de novo* review, the Court adopts Judge Bryant's Report and Recommendation (ECF No. 19) *in toto*. Petitioner's petition for a writ of *habeas corpus* (ECF No. 1) is **DISMISSED**. Petitioner is **BARRED** from further filings without the Court's leave.

**IT IS SO ORDERED**, this 15th day of November, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge